IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING DEFENDANT'S** |
| ) | **MOTION TO REDUCE SENTENCE** |
| vs. ) | |
| ) | |
| Christopher Allen Dutchuk, ) | Case No. 1:18-cr-023 |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Christopher Allen Dutchuk's motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), filed on June 15, 2022. See Doc. No. 164. The Government filed a response in opposition to the motion on June 24, 2022. See Doc. No. 166. The Defendant filed a reply on July 1, 2022. See Doc. No. 167. For the reasons set forth below, the motion is denied.

**I.   BACKGROUND**

On February 7, 2018, Dutchuk was charged in a three-count indictment of conspiracy to possess or sell stolen firearms, possession of stolen firearms, and possession of a firearm by a convicted felon. See Doc No. 2. Dutchuk pled guilty to all three counts pursuant to a written plea agreement on October 16, 2019. See Doc. No. 90. Sentencing was held on January 24, 2020. See Doc. No. 128. The Presentence Investigation Report (PSR) calculated the Sentencing Guideline range as 63-78 months based on a total offense level of 19 and a criminal history category VI. See Doc. No. 117. The Court sentenced Dutchuk to 72 months of imprisonment on each count with all sentences to run concurrently. See Doc No. 128.

On June 15, 2022, Dutchuk filed the instant motion to reduce sentence citing his medical problems, the COVID-19 pandemic, the lack of programming offered by the BOP, the recent death

1

of his mother and how the BOP handled the notification, and his need for addiction counseling as extraordinary and compelling reasons justifying release. See Doc. No. 164. The Government argues a reduction of Dutchuk's sentence is not warranted because he has not demonstrated an extraordinary or compelling reason and the Section 3553(a) factors weigh against release. Dutchuk is incarcerated at FCI Oxford, a medium security facility, in Oxford, Wisconsin. Dutchuk, now age 36, has served approximately half of his 72-month sentence and has a projected release date of January 31, 2025. It is undisputed Dutchuk has exhausted his administrative remedies.

## II.     LEGAL DISCUSSION

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." It is undisputed the Defendant has exhausted his administrative remedies.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A). There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification). It should also be noted

that the CARES Act does not provide the Court with any expanded authority to grant a motion to reduce sentence under 18 U.S.C. § 3582(c). See CARES Act, Pub. L. No. 116-136, 134 Stat 281 (2020).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP. Such motions were rarely filed. This all changed when the President signed the First Step Act into law on December 21, 2018. The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
>> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>>
>>> **(i)** extraordinary and compelling reasons warrant such a reduction;
>>>
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(I) (emphasis added).

Unfortunately, the First Step Act does not define "extraordinary and compelling reasons." The Sentencing Commission's policy statement can be found at Section 1B1.13 of the 2021 Sentencing Guidelines Manual. The policy statement requires a finding that a claimant meets three requirements: 1) extraordinary and compelling reasons warrant the reduction; 2) the defendant is not a danger to the

3

community; and 3) the reduction follows the Sentencing Commission's policy statement. USSG § 1B1.13. However, the policy statement pertains to the old law rather than the new law and thus is of questionable applicability. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019) (concluding the old policy statement provides helpful guidance but does not control the district court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction.). This Court agrees that the Sentencing Commission's existing policy statement provides only limited guidance. See United States v. Fox, No. 2:14-CR-03, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).

The Application Note to U.S.S.G. § 1B1.13 provides as follows:

1. **Extraordinary and Compelling Reasons**.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) **Medical Condition of the Defendant**.--

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is–

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

  (B) **Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

  (C) **Family Circumstances**.--

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D) **Other Reasons**.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons**.--A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

> This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.
>
> 5. **Application of Subdivision (3)**.--Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Dutchuk's primary contention is that he has cardiomyopathy, and this condition makes him more vulnerable to COVID-19 and developing serious complications as a result. Dutchuk has not provided any current medical records to support his contention. However, the Court was well-aware of his heart problems at the time of sentencing and does not doubt the cardiomyopathy diagnosis. The PSR indicates Dutchuk has an enlarged heart and was hospitalized in 2019 for cardiac heart failure. See Doc. No. 117, ¶ 98. The PSR reported that Dutchuk was prescribed carvedilol for the condition. Dutchuk's Summary Reentry Plan—Progress Report dated June 7, 2022, indicates he is currently assigned to level Care 1, which is the category for "healthy or simple chronic care" inmates. See Doc. No. 165.

The COVID-19 pandemic, which poses a threat to every person in the country, does not, in and of itself, provide a basis for a sentence reduction. As the Third Circuit Court of Appeals recently commented, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). In *United States v. Gater*, the Eighth Circuit Court of Appeals found the district court did not misapply Section 3582(c)(1)(A) or abuse its discretion in denying the defendant's motion for compassionate release due to COVID-19. No. 20-2158, slip op. at 4 (8th Cir. May 24, 2021). The Eighth Circuit stated:

> "The substance of the district court's order demonstrates that the court found Gater did not have any 'major' medical issues and the mere possibility of contracting COVID-19

>in prison, alone, without a showing that the BOP is unwilling or unable to guard against or treat the infection does not meet the extraordinary or compelling standard to warrant a sentence reduction."

Id. The defendant in *Gater* disagreed with the district court's analysis that COVID-19 is not an extraordinary and compelling reason to warrant a sentence reduction. The Eighth Circuit noted Gater's care level in prison "demonstrates no particularized susceptibility to COVID-19. Id. See also, United States v. Thompson, 984 F.3d 431, 435 (5th Cir. 2021) (noting "[f]ear of COVID doesn't automatically entitle a prisoner to release" and affirming denial of compassionate release request to otherwise healthy defendant who had two, well-controlled, chronic medical conditions).

District courts have concluded similarly. See United States v. Eberhart, Case No. 13-cr-00313, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (A general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence). This does not mean that COVID-19 is not relevant to the Court's totality of circumstances analysis when considering a motion for reduction of sentence. All factors must be considered. COVID-19 is an extremely dangerous illness. It has caused more than **1,000,000** deaths in the United States to date along with severe societal and economic disruption. In response to the pandemic, the BOP has taken significant measures to protect the health of the inmates in its charge including working with the United States Centers for Disease Control to minimize the risk of COVID-19 transmission with its facilities. The risk of infection is very real, both within BOP facilities and in society in general. Release from prison does not abate the risk. The Court notes Dutchuk has been vaccinated and commends him for taking advantage of the opportunity for vaccination. While sympathetic to Dutchuk's concerns regarding the presence of COVID-19 in the federal prison system and his heart condition, the Court does not find that his circumstances clear the high bar necessary to warrant a sentence reduction.

Dutchuk also contends other factors support a finding of "extraordinary and compelling reasons" for release, including the BOP's inability to provide him with proper programing, the recent death of his mother and his displeasure at how the BOP handled notifying him of her death along with the lack of support provided to him. Dutchuk also contends he is in need of treatment for addiction and has been on the waiting list for admission to the residential drug abuse program (RDAP) since January 20, 2022. These circumstances, while unfortunate, are normal incidents of incarceration and whether considered separately or together, do not rise to the level of "extraordinary and compelling reasons" as contemplated by Section 3582(c)(1)(A)(i). In addition, the Court concludes the Section 3553(a) factors weigh against any sentence reduction. The Court commends Dutchuk for taking advantage of the programming available to him and maintaining his sobriety.

The Court has carefully reviewed the entire record and concludes Dutchuk has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

### III.   CONCLUSION

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 164) is **DENIED**.

   **IT IS SO ORDERED**.

Dated this 15th day of August, 2022.

>   */s/ Daniel L. Hovland*
>   Daniel L. Hovland, District Judge
>   United States District Court